IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW FULLMAN                          :
                                        :       Civil Action No. 4: 07CV-000079
                Plaintiff,              :
                                        :       (Judge McClure)
        v.                              :
                                        :
PENNSYLVANIA DEPARTMENT    :
OF CORRECTIONS, STATE         :
CORRECTIONAL INSTITUTION   :
AT SMITHFIELD, J.C. BLAIR       :
MEMORIAL HOSPITAL, DAVID   :
RUSSO,                                   :
                                        :
                Defendants            :

**O R D E R**

January 25, 2007

**BACKGROUND:**

On January 16, 2007, Andrew Fullman, proceeding pro se, filed this civil

rights action pursuant to 42 U.S.C. § 1983.  The same day, he filed an amended

complaint and an application to proceed in forma pauperis.  Fullman had been an

inmate at the State Correctional Institution at Smithfield ("SCI - Smithfield"), but

was released prior to the filing of the complaint.

Fullman's complaint names four defendants: 1) Pennsylvania Department of

Corrections; 2) SCI-Smithfield; 3) J.C. Blair Memorial Hospital ("J.C. Blair"); and

4) David Russo, M.D.  Specifically, Fullman alleges that he suffered from a

"mycobacterium fortuitum" neck infection which defendants failed to properly treat. (Pl.'s Am. Compl., Rec. Doc. No. 2, at 1-2).  Evidently, Fullman developed this infection while an inmate at SCI-Smithfield.  Prison officials turned to Dr. Russo, a physician who specializes in treating infectious diseases at J.C. Blair, for help treating Fullman.  Fullman alleges that Dr. Russo and J.C. Blair failed to cure his infection.  Instead, they performed unnecessary surgeries and caused his infection to spread, thus causing more pain and suffering.  (Id. at 2.)  Fullman also alleges that he requested a different specialist to cure the infection, but SCI-Smithfield refused such a request.  (Id. at 3.)  Finally, Fullman states that he filed a civil action alleging medical negligence in state court, but it was eventually dismissed.  (Id. at 2.)  Fullman alleges that the state court dismissed the case because he was an African-American, a prisoner, and proceeding pro se.  (Id.)  It appears that Fullman wishes to appeal the state court's decision to dismiss the case. (Id. at 1.)

28 U.S.C. § 1915 governs proceedings filed in forma pauperis.  Since it was revised in 1995 by the Prison Litigation Reform Act ("PLRA"), there is some question as to whether this section applies to nonprisoners.  The question arises from the language of § 1915(a)(1), which reads:

2

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such <u>prisoner</u> possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.  (emphasis added).

28 U.S.C. § 1915(a)(1) (emphasis added).  Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised <u>in</u> <u>forma</u> <u>pauperis</u> statute applies only to prisoners and have concluded that it does not.  <u>Harrison v. Shapiro</u>, No, 97-2133, 1997 WL 197950, at * 1 (E.D.Pa 1997) (Van Artsdalen, J.); <u>Jones v. North Atlantic Treaty Organization</u>, No. 98-1185, 1998 WL 136511, at *1 n. 1 (E.D.Pa 1998) (Padova, J.); <u>McAllen v. Attic Away From Home</u>, No. 00-941, 2000 WL 1752618, at *2 n. 7 (D.Del. 2000) (Sleet, J.)  Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that the Congress meant the statute to read "person."  We agree.  The PLRA was enacted to curtail the flood of civil rights litigation arising from our nation's prisons.   <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir.1996) (citing H.R. Conf. Rep. No. 104-378, 104th Cong., 2d Sess. (1996)).  It would not make much sense for the PLRA to limit the ability to file <u>in</u> <u>forma</u> <u>pauperis</u> from anyone who meets the inability to pay requirement (which is what is was prior to the amendment) only to prisoners who meet that

requirement.  Furthermore, if we found that § 1915 applies to only prisoners, we would have no authorization to allow a nonprisoner such as Fullman to proceed unless he paid the filing fee.  Therefore, we find that § 1915 applies to nonprisoners and prisoners alike, and therefore applies to Fullman.  Therefore, § 1915(e)(2)(B) requires us to screen the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Now, for the following reasons, we will dismiss Fullman's complaint pursuant to § 1915(e)(2)(B) because he fails to state a claim upon which relief can be granted and because leave to amend would be futile.

**DISCUSSION:**

## I.  Legal Standard

In performing the court's screening function under 28 U.S.C. § 1915(e)(2)(B), the court will apply the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).  Under this standard, the court must view all allegations stated in the complaint as true and construe all inferences in the light most

favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost

v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Furthermore, the court must

consider whether plaintiff is entitled to offer evidence to support the allegations in

the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A

complaint should be dismissed only if the court, from evaluating the allegations in

the complaint, is certain that under any set of facts relief cannot be granted.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School

Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906

F.2d 100, 103 (3d Cir. 1994).  Additionally, a court may dismiss a claim where

there is a "dispositive issue of law."  Neitzke v. Williams, 490 U.S. 319, 326

(1989).

## II.  Analysis

Fullman has brought a claim under 42 U.S.C. § 1983.  In order for Fullman

to prevail under 42 U.S.C. § 1983 he must establish two elements: 1) that the

conduct complained of was committed by a person acting under color of state law;

and 2) that the conduct deprived a person of rights, privileges, or immunities

secured by the Constitution or laws of the United States.  Kost v. Kozakiewicz, 1

F.3d 176, 184 (3d Cir. 1993).

As to defendants J.C. Blair Memorial Hospital and David Russo, M.D., we

find that under the facts alleged, neither of these defendants can be found to have acted under color of state law.  J.C. Blair is a private hospital and Dr. Russo is a private physician employed at J.C. Blair.  Aside from treating Fullman, they do not appear to have any connection to the prison or the state.

In <u>West v. Atkins</u>, the Supreme Court ruled that a private physician, who contracted to perform services on a part-time basis to a state prison within the prison confines, acted under of color of state law for purposes of a § 1983 claim. 487 U.S. 42, 57 (1988).  Specifically, the Court held that the state was obligated to provide medical care to its prisoners, and it had delegated that function to a private physician, who had voluntarily assumed the contract.  <u>Id.</u> at 56.  We believe the instant case is distinguishable from <u>West</u>.  Nothing in Fullman's complaint alleges that prison officials had outsourced their obligation to provide medical care for their prisoners to J.C. Blair or Dr. Russo.  Furthermore, nothing suggests that Dr. Russo provided medical care on the prison grounds.  Instead, it appears that Fullman was taken to an outside private hospital for urgent medical care.  <u>See</u> <u>Nunez v. Horn</u>, 72 F.Supp.2d 24, 27 (N.D.N.Y. 1999) (distinguishing <u>West</u> and finding that a private physician who treated a prisoner without a contract with the prison and off  prison grounds did not act under color of state law for purposes of § 1983).

6

Furthermore, we do not believe that Fullman has alleged an Eighth Amendment violation against either of them.  The Eighth Amendment requires prison officials to provide basic medical treatment to those incarcerated.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  In order to state an Eighth Amendment medical claim upon which relief may be granted, plaintiff must allege that defendant acted with deliberate indifference to his serious medical needs.  Id. at 104-05. "Deliberate indifference falls somewhere between mere negligence (carelessness) and actual malice (intent to cause harm)."  McCabe v. Prison Health Services, 117 F.Supp.2d 443, 450 (E.D.Pa. 1997) (Brody, J.) (citing Farmer v. Brennan, 511 U.S. 824, 836-37 (1994).  Fullman's complaint only alleges that J.C. Blair and Dr. Russo may have acted negligently by failing to cure his infection and making incorrect decisions in treatment by performing unnecessary surgeries.  The complaint does not allege that they acted with "deliberate indifference" to Fullman's serious medical needs.  Therefore, the complaint does not allege an Eighth Amendment violation against J.C. Blair or Dr. Russo.

As to defendant Pennsylvania Department of Corrections, we do not find it to be a suitable entity for a § 1983 claim.  § 1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute.  The Pennsylvania Department of

7

Corrections is a state agency, not a person.  Furthermore, in <u>Thompson v. Burke</u>,

the Third Circuit ruled that a plaintiff could not maintain a § 1983 claim against the

Pennsylvania Board of Parole because it was not a "person" within the meaning of

§ 1983.  556 F.2d 231, 232 (3d Cir. 1977).  Finally, even if it could be determined

that the Pennsylvania Department of Corrections was a "person" within the

meaning of § 1983, Fullman has only requested monetary damages from it.  The

Pennsylvania Department of Corrections is a state agency and the request for

monetary damages is therefore barred by the state's sovereign immunity under the

Eleventh Amendment of the United States Constitution.  Therefore, the complaint

must be dismissed as to defendant Pennsylvania Department of Corrections.

As to defendant SCI-Smithfield, the complaint must be dismissed for the

same reasons we are dismissing the complaint against the Pennsylvania

Department of Corrections.  SCI-Smithfield is not a "person" within the meaning

of § 1983.  Even more so, SCI-Smithfield is not even a state entity.  It is simply a

building.  Furthermore, Fullman has only requested monetary damages from SCI-

Smithfield which are barred by the Eleventh Amendment.  Therefore, the

complaint must be dismissed as to defendant SCI-Smithfield as well.

With respect to Fullman's complaint that the state court improperly

dismissed his state, we can take no action.  Under the <u>Rooker-Feldman</u> doctrine,

we do not have appellate jurisdiction of the state court's decision to dismiss the case.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).  Under this rule, the only way for Fullman to receive federal court review of the state court's decision is by writ of certiorari the United States Supreme Court under 28 U.S.C. § 1257.  We simply have no jurisdiction to review the state court's decision.

Finally, we note that we have considered the fact that Fullman is proceeding pro se and that his complaint should be construed liberally.  We have also considered whether it is appropriate to grant him leave to amend his complaint or whether doing so would be inequitable or futile.  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  We have determined that doing so would be futile.  J.C. Blair and Dr. Russo do not act under color of state law within the meaning of § 1983.  SCI-Smithfield and the Pennsylvania Department of Corrections are not "person[s]" within the meaning of § 1983.  Giving Fullman an opportunity to amend his complaint will not change any of this.  Therefore, granting Fullman leave to amend his complaint would be futile.


**CONCLUSION:**

Because Dr. Russo and J.C. Blair do not act under color of state law,

Fullman cannot maintain a § 1983 claim against them.  Furthermore, Fullman has not alleged an Eighth Amendment violation against either of them because he only alleges they acted with negligence, not with deliberate indifference to his serious medical needs.  As to defendants Pennsylvania Department of Corrections and SCI-Smithfield, they are not "person[s]" subject to suit under § 1983.  Furthermore, Fullman has requested monetary damages from each of them, which are barred by the Eleventh Amendment.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted.

2.    The clerk is directed to close the case file.

3.    Any appeal from this order is not taken in good faith.

    s/ James F.  McClure, Jr.
James F. McClure, Jr.
United States District Judge